CALEB PARKER *vs.* MARIA FLOYD & others.

In a writ of entry by the assignee of a mortgage, the execution and assignment of the mortgage and note were proved. It appeared that the mortgagee did not himself give any consideration for the note and mortgage, but that he acted as the agent of a third party, and it did not appear whether such third party did or did not give consideration for the note. *Held,* that the burden of proof was not thereby upon the demandant to show affirmatively that he paid consideration for the assignment or that said third person paid the consideration for the mortgage.

THIS was a writ of entry on a mortgage made by one Miller, to one G. W. Jereauld, and by Jereauld assigned to the demandant. The mortgage was dated November 1, 1849, and acknowledged November 7, 1849. The mortgage note was dated January 1, 1849, and bore this indorsement: " Received interest on within to 1st of November, 1849," and also the indorsement, " without recourse, G. W. Jereauld."

At the trial in the court of common pleas, December term, 1852, before *Wells,* C. J., the execution and delivery of the mortgage, the note and indorsement thereof, and assignment of the mortgage by Jereauld, were proved, and also the acknowledgment and recording of the mortgage and assignment thereof. It also appeared that Jereauld himself paid no consideration upon the receipt of said mortgage from Miller, nor received any consideration of the demandant upon the trans-

fer of the mortgage to him, but managed the matter as a real estate broker, and as the agent of one Bradshaw; that the mortgage, the assignment, the note, the said indorsement of interest, and the said words, "without recourse," were in the handwriting of Bradshaw; that Jereauld received the note and mortgage at the request of Bradshaw, and on January 2, 1850, signed, and the next day acknowledged, the assignment, and indorsed the note, at the request of Bradshaw, having in the meantime retained the note and mortgage in his own possession; but beyond this, had nothing to do with the transaction.

Upon this evidence, the presiding judge instructed the jury that, although upon proof of the execution, delivery, and acknowledgments as aforesaid, the law presumed a consideration to have been paid by Jereauld, as well as by the demandant to him, yet upon proof that no consideration was paid or received by Jereauld, the burden of proof was shifted upon the demandant, and he was bound to show affirmatively that he paid a valuable consideration to Bradshaw, or that Bradshaw had paid such a consideration to Miller. Upon which ruling, a verdict was rendered for the tenants, and the demandant excepted.

*B. F. Jacobs,* for the demandant. 1. The evidence of Jereauld was immaterial, since it was of no consequence to the validity of the mortgage, whether the consideration was paid by him or by another.

2. Being on an immaterial point, it could not, as a matter of law, overthrow the presumptions of law and fact arising from the execution and delivery of the note and mortgage.

3. And its effect as a matter of fact, upon the minds of the jury, was not for the judge to regulate.

4. The ruling was not only erroneous, as a matter of law, but must necessarily have misled the jury, forcing upon them, as a conclusion of law, what they might, or might not, have inferred as a conclusion of fact.

*A. V. Lynde,* for the tenants. 1. The consideration of said deed being in dispute, the burden of proof was upon the demandant to show a sufficient consideration. *Powers* v. *Rus-*

*sell,* 13 Pick. 69, 76 ; *Clapp* v. *Tirrell,* 20 Pick. 247 ; *Belden* v. *Seymour,* 8 Conn. 304 ; *Mc Crea* v. *Purmort,* 16 Wend. 460 ; 2 Greenl. Ev. § 300.

2. When *primâ facie* evidence is offered by the plaintiff, and negative evidence of the same facts by the defendant, the burden of proof rests upon the plaintiff, or the party first offering the same. *Powers* v. *Russell,* 13 Pick. 69–76 ; *Tourtellot* v. *Rosebrook,* 11 Met. 460; *Treat* v. *Orono,* 13 Shepl. 217; *Lexington Ins. Co.* v. *Power,* 16 Ohio, 324; 1 Greenl. Ev. § 74; *Delano* v. *Bartlett,* 6 Cush. 364 ; *Davis* v. *Jenney,* 1 Met. 221; *Brown* v. *King,* 5 Met. 173.

SHAW, C. J. It appears to us, that the direction of the judge, in this case, was erroneous. It assumes that there is a want of consideration for a note, if the money does not pass from the hand of the payee to the hand of the promisor. It seems to be founded upon a misapprehension of the cases cited in regard to the burden of proof. Here, as it appears, the promisee was the agent for the lender of the money ; the promisor received the money of Bradshaw, either through the hand of the agent, or directly from his own hand, and by his, Bradshaw's, request, gave the note to the promisee. This was an ample consideration for the express written promise of Miller to pay the money to Jereauld. The jury should have been instructed, that Miller, having received the money through the agency of Jereauld, and given the note to him, it was a good consideration, which he could not contest, or if he received the money from Bradshaw, and at his request, made a note for it, payable to Jereauld or his order, it was equally a good consideration, to support the contract and promise expressed in the note.                    *Exceptions sustained.*